## Commonwealth v. Gates

*C. Kent Price, Assistant District Attorney,* for Commonwealth.
*Alan Ellis,* for defendant.

CAMPBELL, *P.J.*, October 28, 1977—After an adjudication of guilt on various drug charges defendant filed a motion in arrest of judgment. The motion raises the propriety of this court's refusal to grant his motion to suppress evidence found in the search of his residence on March 21, 1977, at 12:30 a.m. The search and subsequent seizure of controlled substances and alleged drug paraphernalia were executed pursuant to a warrant issued by the appropriate district magistrate. Defendant contends that the warrant was defective insofar as it: (1) failed to state the manner in which the police came into possession of the information on which the probable cause determination was based; (2) failed to address the issue of the informant's reliability; (3) did not establish the informant's ability to identify the substance he observed as marijuana; and (4) makes no mention of adequate justification for a nighttime search.

Since we believe the issue of a nighttime search alone is critical, we will address only that issue.

Although there is a dearth of Pennsylvania case law concerning the issue of probable cause to search at night, the Pennsylvania Rules of Criminal Procedure governing applications for search warrants are replete with admonitions concerning the necessity to show extraordinary justification for searches executed between the hours of 10:00 p.m. and 6:00 a.m.

Rule 2003(c). "No search warrant shall authorize a nighttime search unless the affidavits show reasonable cause for such nighttime search."

Comment: "(c). . . The requirement of a showing of reasonable cause for a nighttime search highlights the traditional doctrine that nighttime intrusion into a citizen's privacy requires greater justification than an intrusion during normal business hours."

". . ."

Rule 2005(e). "[D]irect that the warrant be served in the daytime unless otherwise authorized, provided that, for purposes of the Rules of Chapter 2000, the term 'daytime' shall be used to mean the hours of 6 a.m. to 10 p.m."

Comment: "Paragraph (e) supplements the requirement of Rule 2003(c) that special reasonable cause must be shown to justify a nighttime search . . ."

The application for search warrant itself contains instructions that "[i]f [a] 'nighttime' search is requested . . . [the applicant is to] state additional reasonable cause for seeking permission to search in [the] nighttime," and near the bottom, reference is again made to "additional" probable cause to search at night.

Regarding reasonable cause for night search, the warrant at issue states merely that "[t]his officer requests that this search warrant be issued for a night time [sic] search as the items listed above . . . *could* be destroyed or removed from the apartment." (Emphasis supplied.) Although the case of United States ex rel. Boyance v. Meyers, 398 F. 2d 896 (3rd Cir. 1968), is distinguishable on the fact that the warrant therein at issue expressly limited its permissible execution to the daytime, that court, in dictum, traces the history of the disfavor in which night searches have traditionally been regarded in terms of their reasonableness. Quoting a variety of authority, the court notes at page 898, that "the reluctance to authorize nighttime searches except under exceptional circumstances [has] continued as an integral part of our jurisprudence;" that "[a]version to such police intrusion at night as a serious threat to ordered liberty also appears in authorative contemporary judicial pro-

nouncements," and that "[s]earches of the dwelling house were the special object of this universal condemnation of official intrusion. Night-time search was the evil in its most obnoxious form."

Besides invalidating the search on grounds of its express limitation to daytime execution, the Boyance court added at page 899, that "[t]he record does not show, in possible justification for this action, any reason for apprehension that the evidence within the house *would* be removed, hidden or destroyed before morning." (Emphasis supplied.)

If this court were to validate this search on the grounds advocated by the Commonwealth (that there existed a "very real probability that the drugs *could* easily be 'destroyed or removed' from the apartment" (Emphasis supplied), we would in effect be repudiating the requirement of additional reasonable cause to search at night based on extraordinary facts — which requirement goes to the very foundation of our concept of criminal justice. Such relaxation would render this vital protection meaningless in light of the fact that *all* evidence which becomes the object of *every* search *could* be destroyed or secreted.

In the absence of an allegation in the affidavit that "the properties sought to be seized would be removed or destroyed if not seized forthwith," a nighttime search is impermissible: People v. Carminati, 236 N.Y.Supp. 2d 921 LL (1962).

In consideration of the foregoing, we enter the following

## ORDER

And now, October 28, 1977, defendant's motion in arrest of judgment is allowed, and defendant discharged; costs to be paid by the County of Centre.